UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 09-81187-CIV-MARRA

PALM BEACH STATE COURT
CASE NO: 50-2009-CA-024553 XXXX MB AD

DANIEL STONE, SUSAN STONE,
AND D. STONE INDUSTRIES, INC.,
PROFIT SHARING PLAN AND
TRUST,

      Plaintiffs,

v.

PAUL J. KONIGSBERG and
KONIGSBERG WOLF & CO.,
P.C.

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, PAUL J. KONIGSBERG and KONIGSBERG WOLF & CO., PC. (hereinafter "Defendants"), by and through their undersigned counsel, answer the Complaint for Damages as follows:

### GENERAL ALLEGATIONS

1. Admitted

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Denied that PAUL KONIGSBERG is a resident of Palm Beach County, Florida.

   Admitted that PAUL KONIGSBERG is a named partner of KONIGSBERG

WOLF & CO., P.C.

6. Admitted.

7. Denied in part. This action was properly removed to the United District Court Southern District of Florida, West Palm Beach division, due to diversity jurisdiction.

8. Denied.

## **FACTUAL ALLEGATIONS**

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

## COUNT I: NEGLIGENCE

27. Defendants restate their responses to ¶ 1 through ¶ 26 of the Complaint.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Without knowledge, therefore denied.

## COUNT II: BREACH OF FIDICIARY DUTY

39. Defendants restate their responses to ¶ 1 through ¶ 26 of the Complaint.

40. Denied as stated.

41. Admitted that the Defendants owed a fiduciary duty related to the preparation of the Plaintiffs' tax returns up until January 1, 2006. Denied that the Defendants owed any fiduciary duty to the Plaintiffs from January 1, 2006 until the present date.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied as stated.

## AFFIRMATIVE DEFENSES

Defendants by and through the undersigned counsel, hereby file their Affirmative Defenses to Plaintiff's Complaint and state as follows:

## FIRST AFFIRMATIVE DEFENSES

As and for the Defendants' First Affirmative Defense, the Defendants state that the Plaintiff's causes of action for Negligence and Breach of Fiduciary Duty (Counts I and II) are barred by the applicable statute of limitations in Florida. Specifically, the Plaintiff's claim in Counts I alleging negligence is barred by the four (4) year statute of limitations as set forth within §95.11(3)(a), *Fla. Stat*. Over four years have elapsed since the time the cause of action accrued in this case, as Madoff's Ponzi scheme was allegedly in existence prior to the Plaintiffs' investment with Madoff, and the Complaint is unclear as to at what point in time the Defendants alleged negligence occurred. Furthermore, the claims alleged in the Complaint first accrued on the date that PAUL J. KONIGSBERG allegedly introduced the Plaintiffs to Madoff, in or about 1994.

Additionally, the Defendants state that the Plaintiffs' claim for breach of fiduciary duty, specifically Count II, is, in large part, barred by the applicable four year statute of limitations, as

set forth in § 95.11(3), *Fla. Stat*. As the allegations in the Plaintiffs' Complaint pertain to the preparation of the Plaintiffs' tax returns for a variety of years (ranging from 1995 to 2005), rather than simply one sole and complete transaction, the alleged breach of fiduciary duty, which is of the negligent variety based upon Plaintiffs' allegations, occurred on a transaction by transaction basis. In other words, each such alleged breach of fiduciary duty was a separate transaction to which the statute of limitation applies separately and distinctly for each and every other alleged breach of fiduciary duty.

As this Complaint was filed on July 21 2009, any claims set forth by the Plaintiffs for breach of fiduciary duty which predate July 21, 2005, are barred by the applicable four year statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

As and for the Defendants' Second Affirmative Defense, the Defendants state that any recovery or judgment obtained by the Plaintiffs in this lawsuit must be reduced in an amount commensurate with the percentage of fault attributable to the Plaintiffs' own comparative negligence. The Plaintiffs' degree of comparative negligence must be apportioned against the degree of fault that is found to be attributable to the Defendants.

## THIRD AFFIRMATIVE DEFENSE

As and for the Defendants' Third Affirmative Defense, the Defendants state that the Plaintiffs have failed to join an indispensable party to this action. Namely, the Plaintiffs have failed to join the other accounting firms that the Plaintiffs used throughout the time the Plaintiffs invested with Madoff, including the accounting firms that the Plaintiffs used from January 1, 2006, until the date that the Plaintiffs' learned about the Madoff fraud. Additionally, the Plaintiffs have failed to join the Plaintiffs' financial advisors that oversaw the Plaintiffs'

investments with Madoff and advised the Plaintiffs in relation to the Plaintiffs' investments with Madoff.

### FOURTH AFFIRMATIVE DEFENSE

As and for the Defendants' Fourth Affirmative Defense, the Defendants state that the Defendants are entitled to a setoff against any and/or all amount(s) that the Plaintiffs recover in other pending actions relating to the same subject matter of this instant lawsuit. Such actions include, but are not limited to, the Madoff bankruptcy proceedings, the Securities Investor Protection Corporation, and any federal tax relief that is afforded by the Federal Government.

### FIFTH AFFIRMATIVE DEFENSE

As and for the Defendants' Fifth Affirmative Defense, the Defendants state that the Plaintiffs' claims are barred, in whole or in part, to the extent the Plaintiffs failed to mitigate their damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

As and for the Defendants' Sixth Affirmative Defense, the Defendants state that the Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs failed to comply and/or failed to meet all conditions precedent necessary to maintain this action, as the Plaintiffs' damages have not been fully realized. Specifically, the Plaintiffs may pursue recovery from including, but not limited to, the Madoff bankruptcy proceedings, Federal tax refunds, and the Securities Investor Protection Corporation.

### SEVENTH AFFIRMATIVE DEFENSE

As and for the Defendants' Seventh Affirmative Defense, the Defendants state that any judgment or amounts recovered by the Plaintiffs in this instant lawsuit must be reduced due to the negligence of other third parties, not a party to this action, including, but not limited to,

Case No. 09-81187-CIV-MARRA

Bernard Madoff, the Plaintiffs' other accounting firms, the Plaintiffs' financial advisors, and various Madoff entities.  Upon discovery of additional third parties that are, or may be, liable to the Plaintiffs for the damages alleged, the Defendants hereby reserve their right to amend this affirmative defense.

### EIGHTH AFFIRMATIVE DEFENSE

As and for the Defendants' Ninth Defense, the Defendants shall only be liable for their proportional degree of fault on the basis of their own percentage of fault, if any, and not on the basis of joint and several liability pursuant to § 768.81 (3), *Fla. Stat.*

### NINTH AFFIRMATIVE DEFENSE

As and for the Defendants' Tenth Defense, the Defendants state that the Defendants are entitled to a setoff against any and/or all amount(s) that the Plaintiffs received as distributions from their Madoff accounts, as well as any and/or all amount(s) that the Plaintiffs received in the form of tax benefits as a result of the Profit Sharing Plan and Trust.

### RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Defendants reserve their rights to raise additional affirmative defenses as they are presented in the future and throughout the course of discovery

Case No. 09-81187-CIV-MARRA

<u>Dated 24th day of August, 2009</u>.

/s/ Richard P. Cole, Esq._____
Richard P. Cole (FBN: 186589)
E-mail: Richard.Cole@csklegal.com
Blake S. Sando (FBN: 939293)
E-mail: Blake.Sando@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Tel:    305-350-5300
Fax:    305-373-2294
Attorney for Defendants,
PAUL KONIGSBERG and
KONIGSBERG, WOLF & CO., P.C.,

**<u>CERTIFICATE OF SERVICE</u>**

We hereby certify that the foregoing was furnished via electronic filing to all parties listed on 24th day of August, 2009 to: Lee Milich, Esq., Counsel for Plaintiffs, Lee Milich P.A., 100 W. Cypress Creek Road, Suite 935, Fort Lauderdale, Fl 33309.

/s/ Richard P. Cole, Esq._____
Richard P. Cole (FBN: 186589)
E-mail: Richard.Cole@csklegal.com
Blake S. Sando (FBN: 939293)
E-mail: Blake.Sando@csklegal.com
COLE, SCOTT & KISSANE, P.A.
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Tel:    305-350-5300
Fax:    305-373-2294
Attorney for Defendants,
PAUL KONIGSBERG and
KONIGSBERG, WOLF & CO., P.C.,